IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM HENRY SHERRATT, <br><br> Petitioner, <br><br> v. <br><br> WARDEN SHANE NELSON et al., <br><br> Respondents. | **MEMORANDUM DECISION & DISMISSAL ORDER** <br><br><br> Case No. 4:19-CV-2-DN <br><br> District Judge David Nuffer |

Petitioner, William Henry Sherratt, filed this habeas-corpus petition, *see* 28 U.S.C.S. §§ 2241, 2254 (2019), in which he attacks the same conviction and sentence that he challenged in past unsuccessful petitions in this Court. *See Sherratt v. Utah Bd. of Pardons & Parole*, No. 2:10-CV-255 CW (D. Utah August 8, 2011) (denying, as second or successive, habeas petition assailing conviction and sentence execution), *denying certificate of appealability and request to file second or successive petition*, 483 F. App'x 534 (10th Cir. 2012), *cert. denied*, 566 U.S. 1101 (2013); *Sherratt v. Friel*, No. 2:06-CV-1056 PGC (D. Utah June 15, 2007) (denying habeas relief, against Petitioner's claim that Utah Board of Pardons and Parole (BOP) is keeping him incarcerated longer than it should, because no federal right is violated when parole is not granted before expiration of valid sentence--in this case, span extending to life in prison, and, against Petitioner's claim that BOP has violated Utah's rules regarding proceedings determining parole eligibility, because these "violations" could only violate Utah Constitution, not Federal Constitution); *Sherratt v. Friel*, No. 2:05-CV-855 TC (D. Utah Sept. 24, 2007) (denying habeas relief based on passage of period of limitation and denying assertions of statutory and equitable

tolling and actual innocence), *denying certificate of appealability and dismissing appeal*, 275 F. App'x 763 (10th Cir. 2008), *cert. denied*, 555 U.S. 1002 (2008). The current petition is thus deemed "second or successive." *See* U.S.C.S. § 2244(b) (2019).

The Court lacks jurisdiction over this second or successive habeas application absent the Tenth Circuit Court of Appeals's prior authorization. *See id.* § 2244(b)(3)(A). Because Petitioner has not sought such authorization, the petition's merits may not be considered.

This misfiled petition may be transferred to the court of appeals "if . . . it is in the interest of justice." *Id.* § 1631. In determining here that a transfer would not be in the interest of justice, the Court has examined whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

First, Petitioner's claims are primarily based on changes to the law that he argues invalidate his sentence's execution. However, the *Neese* case that he cites is a Utah Supreme Court case clarifying rights under the Utah Constitution; *Neese* is inapplicable in this federal habeas case. *Neese v. Utah Bd. of Pardons and Parole*, 2017 UT 89; *see* 28 U.S.C.S. § 2241 (2019) (stating federal habeas statute extends to prisoner "in custody in violation of the Constitution or laws or treaties of the *United States* (emphasis added)).

Second, it should have been obvious to Petitioner, upon receiving many federal-court orders on past federal habeas petitions--all cited above--that his current petition was not filed in good faith and that this Court would lack jurisdiction over such a second or successive petition.

In sum, the Court lacks jurisdiction to review this second or successive petition. And, it is not in the interest of justice to transfer the case to the Tenth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that this habeas-corpus petition is DENIED. (*See* Doc. No. 3.) This action is CLOSED.

DATED this 25th day of April, 2019.

BY THE COURT:

_____
DAVID NUFFER
United States District Judge